O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONIVAN DIAZ, | ) | No. CV 18-6308 CAS (FFM) |
| Plaintiff, | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| SUPREME COURT OF CALIFORNIA, *et al.*, | ) | |
| Defendants. | ) | |

**PROCEEDINGS**

Plaintiff, a state prisoner proceeding *pro se*, filed the Complaint herein on July 20, 2018, suing the California Supreme Court and Sprint Corporation ("Sprint"). (Docket No. 1.) Plaintiff alleged that the California Supreme Court wrongfully denied a petition for writ of mandate seeking copies of the jurors' personal notes during his criminal case. Plaintiff did not allege any wrongdoing by Sprint. (*See id.*) Plaintiff filed a request to proceed *in forma pauperis* ("IFP"). (Docket No. 2.) On August 1, 2018, the Court issued an order denying plaintiff's IFP request and dismissing this action. The Court reasoned that plaintiff's claims were not viable and granting leave to amend would be futile. (Docket No. 5.)

///

On August 23, 2018, plaintiff filed a "Motion to Re-Open Case and Motion for Reconsideration" (the "Motion"). (Docket No. 8.) In the Motion, plaintiff argues that this action should be reopened because while this case was pending, two Central District employees failed to respond to his requests for assistance with settlement. (*Id.* at 3-4, Exs. 2-3.) The Court construes the Motion as seeking relief under Federal Rules of Civil Procedure 59(e) and 60(b), and denies it as lacking merit.

**ANALYSIS**

Alteration or amendment of a judgment under Rule 59(e) is warranted if (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *See School Dist. No. 1J*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Plaintiff argues that the Central District employees' alleged failure to assist him constitutes newly-discovery evidence warranting amendment of the judgment. (Motion at 4.) The Court disagrees. In its dismissal order, the Court concluded that this action faces insurmountable bars: specifically, the *Rooker-Feldman* doctrine and the Eleventh Amendment. Furthermore, the Court reasoned, plaintiff pled no cognizable claims against Sprint. (Docket No. 5.) The Central District employees' alleged conduct has absolutely no bearing on the applicability of the *Rooker-Feldman* doctrine and the Eleventh Amendment to this action, or to whether plaintiff brought any cognizable claims against Sprint. Accordingly, plaintiff is not entitled to Rule 59(e) relief.

The Motion fares no better under Rule 60(b). That rule provides:

(b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable

|   |     |                                                                        |
|---|-----|------------------------------------------------------------------------|
|   |     | diligence, could not have been discovered in a time to move for a new trial under Rule 59(b); |
|   | (3) | fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; |
|   | (4) | the judgment is void;                                                  |
|   | (5) | the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or |
|   | (6) | any other reason that justifies relief.                                |

Plaintiff makes no showing under subsections (1) through (3) and (5). As to subsection (4), as discussed above, the alleged conduct of the Central District employees does not warrant reopening this action. As to subsection (6), a party merits relief thereunder if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) (internal quotation marks omitted; alteration in original). Here, even if the alleged employee conduct constituted an "extraordinary circumstance," it in no way prevented plaintiff from prosecuting his case. Because the Court lacks jurisdiction over this action, it would have been dismissed even if the Central District employees had responded to plaintiff's requests.

In sum, plaintiff fails to demonstrate that amendment of or relief from the order of dismissal is warranted. Accordingly, plaintiff is not entitled to the relief he seeks.

///

///

///

///

///

**CONCLUSION**

For the foregoing reasons, the Court denies the Motion in its entirety.

DATED: August 29, 2018

                                                  */s/ Christine A. Snyder*
                                                  CHRISTINE A. SNYDER
                                                  United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
      FREDERICK F. MUMM
    United States Magistrate Judge